IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 05-03096-17-CR-S-RED |
| DEVIN J. GREEN, ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress Evidence and Statements. The government has responded.

Defendant asserts that evidence seized as a result of a federal search warrant executed on January 30, 2005, should be suppressed. He contends that the warrant was defective because it lacked probable cause to be valid under the Fourth Amendment. Defendant asserts that the complaint and affidavit fail to set forth sufficient facts for a judge to find probable cause to issue the search warrant. Further, defendant contends that law enforcement officers did not show objective good faith in relying on the warrant because it was so lacking in any indicia of probable cause to render official belief in its existence unreasonable.

The law is clear that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit . . ., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that contraband or evidence of a crime will be found in the place to be searched. United States v. Edmiston, 46 F.3d 786, 789 (8th

Cir. 1995), quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). Affidavits should be read in a "common-sense and realistic fashion" and judges must make a practical decision based on the totality of the circumstances. United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (citation omitted). In determining for suppression purposes the validity of a warrant, the court must determine whether there was a "substantial basis" for the probable cause determination. Gates, 462 U.S. at 238. "When we review the sufficiency of an affidavit supporting a search warrant, great deference is accorded the issuing judicial officer." U.S. v. Fulgham, 143 F.3d 399, 400-01 (8th Cir. 1998) (citation omitted).

In this case, the affidavit filed in support of the search warrant, signed by Daniel Banasik, Drug Task Force Officer with the DEA, states that an investigation began in the winter of 2003, focusing on a drug distribution network involving Damien Foxx. The investigation included confidential source statements, intelligence reports, pen register data, and surveillance. The investigation indicated that Foxx distributed marijuana to numerous individuals throughout Springfield, Missouri, and that one of these individuals had been identified as defendant, with his address given as 1432 E. Pacific, Springfield. Based on intelligence gathered during the investigation, a Title III Wire Intercept was initiated on Damien Foxx's cellular telephone. Through telephone conversations that were intercepted, information was gleaned that defendant had a conversation with Foxx on December 1, 2004, and again on the 3rd, which involved drug transactions and setting up a marijuana delivery at defendant's residence. Subsequent to the second call, Foxx was observed going to defendant's residence at 1432 E. Pacific. Intelligence gathered from the wiretap indicated that Foxx was delivering marijuana to that address. On December 5, 2004, Foxx once again contacted defendant and later went to defendant's residence. Later the same evening, Foxx noticed that he was being followed, and called defendant to alert him. The affidavit

also indicates that additional conversations regarding drug transactions between the two were intercepted on December 18, 2004, December 20, 2004, and December 29, 2004. On January 19, 2005, officers intercepted drug-related conversations between Foxx and defendant, after which officers conducting surveillance observed Foxx's vehicle at defendant's residence. Based on this information, Officer Banasik sought a search warrant for 1432 E. Pacific, stating that he believed evidence of illegal drug trafficking would be found there.

It is defendant's contention that the information contained in the affidavit in support of the search warrant was insufficient to establish probable cause.

The government counters that there was a substantial basis to support a probable cause determination in this case, based on the information gathered during the Title III wire monitoring, the personal observations of the officers conducting the investigation, and the circumstances of the observations. It is asserted that the pattern observed by the officers in this case, which involved contacts being made between Foxx and defendant to arrange for drug deliveries, Foxx's arrivals and departures at 1432 E. Pacific, which occurred contemporaneously with these negotiations, and subsequent conversations between the two, indicates that 1432 E. Pacific was defendant's residence. Further, even if this were not the case, the government maintains the Leon's good faith exception would apply.

Having fully reviewed the application for the search warrant and affidavit in support of that application, the Court finds that, based on the totality of the circumstances, there was a substantial basis to support the issuance of the search warrant in this case. Given the on-going investigation of Damien Foxx, the Title III wire monitoring, the number of telephone conversations regarding drug transactions between Foxx and defendant, and the fact that there were contemporaneous visits made by Foxx to 1432 E. Pacific after these conversations, the Court finds that it cannot seriously

be argued that there was not sufficient probable cause to support the search warrant's issuance. Under the totality of the circumstances standard, the Court finds that there was a "substantial basis" for the probable cause determination. Gates, 462 U.S. at 238. In the affidavit, Officer Banasik stated that electronic surveillance indicated that defendant was engaging in narcotic activity at his residence. Officer Banasik summarized several wire interceptions of telephone conversations, including conversations in which defendant set up drug transactions with a known drug distributor in the area. Contrary to defendant's argument, the Court finds that the intercepted conversations, as well as visual surveillance, which placed Foxx at defendant's residence after these conversations, established probable cause to believe that defendant was engaging in drug activity at 1432 E. Pacific. See United States v. Adams, 401 F.3d 886, 892-93 (8th Cir. 2005).

Even if that were not the case, however, Leon's good faith exception should apply. There is nothing to suggest that the affidavit is so lacking in indicia of probable cause that the Leon good faith exception should not apply, and that the search was not lawful.

Accordingly, it will be recommended that the motion to suppress evidence must be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Evidence should be denied.

/s/ James C. England  
JAMES C. ENGLAND, Chief  
United States Magistrate Judge

Date: February 3, 2006